IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY DAVIS,

           Plaintiff,

vs.

INTERNAL REVENUE SERVICE
OAKLAND DISCLOSURE OFFICE,

           Defendant.
                                          /

No. C 08-5342 WHA (PR)

**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE DENIED**

      This is a pro se civil rights complaint filed by a federal prisoner who is housed in West Virginia. He claims that the Oakland office of the IRS violated the Freedom of Information Act and the Privacy Act.

      Plaintiff asks for leave to proceed in forma pauperis pursuant to 28 U.S.C. 1915. A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

      For purposes of a dismissal that may be counted under 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that

is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). *Andrews* requires that the prisoner be given notice of the potential applicability of 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that 1915(g) does not bar pauper status for him. *Ibid. Andrews* implicitly allows the court to raise the 1915(g) problem sua sponte, but requires the court to notify the prisoner of the earlier dismissals it considers to support a 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter. *See id.* at 1120. A dismissal under 1915(g) means that a prisoner cannot proceed with his action as a pauper under 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of plaintiff's prior prisoner actions reveals that he has had at many cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the court believes the following dismissals may be counted for purposes of 1915(g): (1) *Davis v. United States of America*, C 07-cv-0063-IMK-JES (N.D. W. Va. Nov. 13, 2007) (order dismissing case containing *Bivens* and FTCA claims for failure to state a claim); (2) *Davis v. Adamo*, 3:07-cv-00034-MLC-JJH (N.J. Feb. 2, 2007) (order dismissing case against defense lawyer for failure to state claim); (3) *Davis v. Lexington-Fayette Urban County Government*, 03-CV-331- KSF (E.D. Ky. Dec. 16, 2003) (rule 12 order of dismissal); (4) *Davis v. United States Dep't. of Justice*, 05-CV-049-JMH (E.D. Ky. April 18, 2005) (order of dismissal); (5) *Davis v. Arehart*, 06-CV-370-JMH (E.D. Ky. (Dec. 18, 2006) (order dismissing case on immunity grounds and warning plaintiff about Section 1915(g)'s "three strikes" provision); and (6) *Davis v. United States of America*, 1:08-cv-01728-UNA (D.C. Nov. 13, 2008) (dismissal for failure to state a claim).

## CONCLUSION

In light of these dismissals, and because plaintiff does not appear to be in imminent danger of serious physical injury, he shall show cause no later than thirty days from the date this order is entered why in forma pauperis status should not be denied pursuant to 28 U.S.C.

1  1915(g).  In the alternative to showing why IFP status should not be denied under 1915(g),

2  plaintiff may avoid dismissal by paying the full $350.00 filing fee by the deadline.  If he does

3  not do one or the other, the case will be dismissed.

4  **IT IS SO ORDERED.**

5  Dated: January __14__, 2009.

   WILLIAM ALSUP
6  UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\CR.08\DAVIS5342.3STKOSC.wpd